WILBUR F. CAREY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carey v. Commissioner
Docket No. 32987-83.
United States Tax Court
T.C. Memo 1987-452; 1987 Tax Ct. Memo LEXIS 449; 54 T.C.M. (CCH) 449; T.C.M. (RIA) 87452; September 9, 1987. Wilbur F. Carey, pro se. Paul R. Zamolo, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: By notice of deficiency dated September 6, 1985, respondent determined the following deficiencies and additions to tax due from petitioner: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654
1979
$ 3,051.65
$ 3,699.57 $ 96.51
1980
12,547.05
6,273.53
801.08
In his amended answer respondent alleged, in the alternative, that petitioner was liable for additions to tax under sections 6651(a) and 6653(a) for the taxable years in issue. [2]
*452 Prior to trial, the parties settled virtually all the issues in this case. Specifically, after taking into consideration adjustments to income from petitioner's locksmith business (for losses incurred and the investment tax credit), the parties stipulated that such adjustments reduced petitioner's 1979 tax liability below the amount withheld from petitioner's wages during that year and that petitioner's 1979 overpayment was $ 1,770. [3] Respondent conceded that there are no additions to tax owed by petitioner under sections 6651(a) and 6654 for the taxable year 1979. Respondent further conceded that there are no additions to tax owed by petitioner under section 6653(b) for the taxable years 1979 and 1980. Similarly, petitioner's 1980 deficiency was reduced to $ 2,246 and petitioner conceded that he owes this amount together with additions to tax under sections 6651(a), 6653(a) and 6654 in the amounts of $ 562, $ 112 and $ 143, respectively. Thus, the sole issue for our consideration is whether the overpayment for taxable year 1979 may be credited to petitioner's tax liability for 1980. *453 FINDING OF FACT Most of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulations of fact and the exhibits attached thereto are incorporated herein by this reference. The pertinent facts are set forth below. At the time he filed his petition in this case, petitioner resided in San Francisco, California. Petitioner did not file individual income tax returns for the years 1979 and 1980. During the taxable years in issue, petitioner was employed by Nielsen Freight Lines, Inc., in Petaluma, California, and was also self-employed as a locksmith doing business as Marina Lock and Security Systems. Petitioner purchased locksmith tools for use in his business in 1979 and 1980 at a total cost of $ 5,006.44 and $ 2,458.00, respectively. These tools had a useful life of 7 years. During taxable year 1980, petitioner also purchased a van and miscellaneous equipment for use in his business at a total cost of $ 15,091.78. These items had a useful life of 5 years. On October 8, 1979, petitioner filed a Form W-4, Employees Withholding Allowance Certificate, with his employer Nielsen Freight Lines, claiming exemption from withholding. Accordingly, *454 only $ 4,347.46 in Federal income tax was withheld from petitioner's wages in taxable year 1979, and no Federal income tax was withheld from his wages in taxable year 1980. During the taxable years in issue, petitioner received wages totaling $ 22,777.97 and $ 31,652.75, respectively. For those same years petitioner received unreported interest income generated from his savings account in the amount of $ 49.79 and $ 6.87. In early 1981, respondent began a criminal investigation into petitioner's Federal income tax liabilities. The investigation included efforts to enforce third-party summonses which petitioner opposed. Respondent's criminal investigation was discontinued on October 5, 1981, at which time petitioner's case was referred to the examination division of the Internal Revenue Service. There is no record of petitioner's having filed a claim for refund prior to issuance of the statutory notice of deficiency and petitioner admitted at trial that no claim was ever filed. OPINION As previously indicated, the parties have settled all substantive issues in this case and they have stipulated that there was an overpayment for taxable year 1979, we must decide, in these *455 particular circumstances, whether petitioner may credit such overpayment to his deficiency for taxable year 1980. Respondent relying on section 6511 and 6512, contends that a refund or credit of such overpayment is barred by the statute of limitations. Petitioner, on the other hand, claims that he should be allowed to offset the overpayment for the year 1979 against his 1980 deficiency on the basis that the statute of limitations should be tolled because, during 1981, he was under criminal investigation by the Internal Revenue Service and the State of California. Section 6511(a)[4] provides, inter alia, that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires the later. In the situation where no return is filed by the taxpayer, then the period of limitations for filing a refund claim is within two years from the time the tax was paid. Because petitioner, in the instant case, did not file a return for 1979, under section 6511 he would *456 be required to file a claim for refund of tax within two years from the time the tax was paid. Petitioner's payment of tax during 1979 was made through employer withholding and under section 6513(b)(3) was deemed to be paid on April 15, 1980. Therefore, petitioner's deadline for filing a claim for refund was April 15, 1982. *457 Under section 6512(b)(2), [5] the amount of any credit or refund allowable is strictly limited. The operation of this section was described by this Court in White v. Commissioner,72 T.C. 1126, 1132 (1979), as follows: Generally, the provisions of that section [6512(b)(2)] dictate that where this Court finds an overpayment, the applicable limit on the amount of the credit or refund is the aggregate of the sum paid after the mailing of the statutory notice of deficiency and the sum paid before the mailing of the statutory notice of deficiency where a valid refund claim could have been filed on the date of such mailing. *458 In this case, neither section 6512(b)(2)(A) nor section 6512(b)(2)(C) apply because petitioner failed to pay the tax after, or file a refund claim before, September 6, 1983, the date on which the statutory notice was mailed. Moreover, because the period to file a timely refund claim under section 6511 expired on April 15, 1982 (two years from the time petitioner's 1979 withholding was deemed paid), and petitioner could not have filed a timely refund claim upon receipt of a statutory notice of deficiency, section 6512 (b)(2)(B) requires that no refund or credit be allowed petitioner. [6] See also Hosking v. Commissioner,62 T.C. 635, 639-644 (1974). Moreover, we also note that *459 while section 6402 empowers respondent to make credits or refunds within the applicable period of limitations for any tax owed by a taxpayer, an overpayment can only be credited to a deficiency where the relevant limitations period has not expired. In the instant case, the expiration of the limitations period for refund claims negates the possibility of refund in 1979 and, similarly, precludes the credit in 1980. See sec. 301.6402-1, Proced. and Admin. Regs. Petitioner attempts to avoid this result by arguing (1) that section 6532 permits him to claim refund;; [7] and (2) that the two-year statute of limitations was tolled while respondent's criminal investigation was being pursued. Neither argument has merit. First, petitioner's reliance on *460 section 6532 is misplaced because that section applies only to refund suits filed in Federal district court or the Court of Claims. Secondly, section 6532 only comes into play after a timely claim for refund has been filed. Sec. 7422(a). Because petitioner never filed a timely refund claim, section 6532 is not available to him. See Brumo v. United States,547 F.2d 71 (8th Cir. 1976); Lewis v. Sandler,498 F.2d 395 (4th Cir. 1974). [8]
Petitioner's next argument is that the statute of limitations was tolled while respondent's criminal investigation was pending. Petitioner, however, has cited no authority for this position. Absent some specific statutory authority to the contrary, *461 the tolling of the statute of limitations is not appropriate in the tax refund area. This position was enunciated in Kaltreider Construction, Inc. v. United States,303 F.2d 366, 368 (3d Cir. 1962), wherein the court of appeals said, "Neither this Court nor the taxpayer can enlarge the period of limitation beyond what Congress has prescribed." In Kreiger v. United States,539 F.2d 317 (3d Cir. 1976), the taxpayer made a completely erroneous payment of tax on monies which were actually a return of capital but which had been fraudulently designated by the corporation who made the payments to the taxpayer as earned interest. The taxpayer in that case waited more than three years before making his refund claim and argued that the statute of limitations was tolled because of the debtor corporation's fraud. The Third Circuit disagreed and held that the doctrine of tolling of the statute of limitations should not be extended to the tax refund area. 539 F.2d at 320. The court of appeals acknowledged that statutes of limitation frequently involve some hardship but said, "alleviation of that hardship is a matter of policy for the Congress. *462 " Kreiger v. United States, supra at 322. While section 7609(e) tolls certain statute of limitations during summons enforcement proceedings, we are aware of no statutory authority which would toll the statute of limitations under section 6511 while a criminal investigation is under way. [9] Moreover, section 7609(e) applies only to period of limitations under section 6501, relating to the assessment and collection of tax, and section 6531, relating to criminal prosecutions. Although the result herein may appear harsh or inequitable, the situation in which petitioner finds himself is of his own making, and as a result, he cannot now complain about the outcome. Moreover, we cannot grant relief on equitable considerations. This Court only has those powers which have been expressly conferred upon it by congress and we have no authority to grant equitable relief from *463 the tax statutes in situations such as this. Pesch v. Commissioner,78 T.C. 100, 130-131 (1982); Estate of Rosenberg v. Commissioner,73 T.C. 1014, 1017-1018 (1980). Therefore, for the foregoing reasons, we conclude that petitioner may not credit his 1979 overpayment to his 1980 deficiency. To reflect the stipulations of the parties, we further conclude that the amount of petitioner's tax liability for taxable year 1980 is $ 2,246, together with additions to tax under sections 6651(a), 6653(a) and 6654 in the amounts of $ 562, $ 112 and $ 143, respectively. A decision will be entered in accordance with this opinion.
Footnotes
1. All section references herein are to the International Revenue Code of 1954, as amended and in effect during the tax years in issue, and all Rule references, unless otherwise noted, are to the tax Court Rules of Practice and Procedure.↩
2. On March 15, 1985, the Court granted respondent's motion for leave to file an amended answer. ↩
3. The parties stipulated that petitioner's adjusted gross income for calendar years 1979 and 1980 was $ 17,572.71 and $ 18,968.27, respectively. The parties also stipulated that during the taxable years in issue, petitioner, an unmarried individual, was entitled to deductions in computing taxable income in the amount of $ 1,000 for one personal exemption and that during the years in issue petitioner's itemized deductions did not exceed the zero bracket amount. ↩
4. SEC. 6511. LIMITATIONS ON CREDIT OR REFUND. (a) Period of Limitation on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid. ↩
5. SEC. 6512(b). Overpayment Determined by Tax Court. -- (2) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), (d), or (g) if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment; or (C) within the period which would be applicable under section 6511(b)(2), (c), (d), or (g) in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532↩.
6. See Nason v. Commissioner,T.C. Memo 1984-534 (Court could not determine tax protestor's overpayment of taxes because he did not timely file a claim for refund); Poncelet v. Commissioner,T.C. Memo. 1983-70↩ (individual who failed to report income tax withheld was not entitled to a credit or refund because he did not file a claim for refund within two years from the time the tax was paid). 7. At trial, petitioner filed a motion to amend the petition by leave of court which we granted. In paragraph 7 of his motion, petitioner argues that section 6532(a)↩ applies in the instant proceeding. Petitioner simultaneously filed a pleading captioned "Waiver of Notice of Disallowance for the Year 1979." Petitioner's other motion requesting a jury trial was denied. 8. See also Bamond v. Solicitor General, an unreported case ( S.D.N.Y. 1975, 35 AFTR 2d 670, 75-1 USTC par. 7179); Brantley v. United States, an unreported case ( E.D.N.C. 1981, 48 AFTR 2d 6043, 81-2 USTC par. 9778); and Johnson v. United States,↩ an unreported case ( D.Minn. 1982, 50 AFTR 2nd 5677, 82-2 USTC par. 9521). 9. See also Ellis v. United States,229 Ct.Cl. 814 (1982) (illness of taxpayer or his family or other extenuating circumstances are no exception to the time limitation or section 6511↩).