GORDON R. KARTRUDE, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kartrude v. Commissioner
Docket No. 4168-86
United States Tax Court
T.C. Memo 1989-75; 1989 Tax Ct. Memo LEXIS 79; 56 T.C.M. (CCH) 1309; T.C.M. (RIA) 89075; February 27, 1989
Gordon R. Kartrude, Jr., pro se. William B. McCarthy and David R. Smith, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: On October 17, 1988 (T.C. Memo. 1988-498), we filed our opinion in this case. On December 27, 1988, respondent filed his Rule 155 [1] computations, and on January 24, 1989, petitioner filed an objection to respondent's *80 computations. Petitioner has also filed a Motion for Reconsideration of Findings of Fact and Opinion pursuant to Rule 161. Motion for Reconsideration
In petitioner's motion we are asked to reconsider our finding that he abandoned any profit objective prior to 1980. In support of his request, petitioner asserts that in 1980 he maintained hope that his partner would return to the United States, permitting resumption of the air show activity. The record lacks, however, any support for petitioner's allegations, and we will not permit petitioner to augment the record with his motion. Rule 143(b). In petitioner's motion we also are asked to find that in 1976 petitioner encountered authority which he believed permitted him to file W-2 forms in lieu of tax returns and that such authority renders all additions to tax inapplicable. Again, the record does not support petitioner's allegation. We will not permit petitioner to have a second bite *81 at the apple by retrying the instant case. We therefore deny petitioner's motion for reconsideration. Rule 155 Computations
The parties agree that for 1978 no deficiency exists and no additions are applicable. Petitioner asks, however, that we determine an overpayment of $ 1,518 of withheld taxes. Because petitioner could not have filed a timely claim for refund on the date of the statutory notice of deficiency, November 22, 1985, we lack jurisdiction to determine an overpayment for 1978. Sec. 6512(b). [2]
For 1980, the parties disagree as to the amount of the deficiency. Further, petitioner claims no liability for the additions computed by respondent. We agree with respondent's computations in all respects except one. While the parties stipulated to various items of gross income totalling $ 27,684 for 1980, respondent's computations assume gross income of $ 27,916. The stipulated figure should be used or an explanation offered for the higher figure. Rule 91(e). Respondent's figure for itemized deductions for 1980 comports with the *82 parties's stipulation, while petitioner's figure does not. Petitioner stipulated to payment of a $ 286 property management fee, while his computations claim a deduction of $ 586. Also, petitioner claims three exemptions, although his entitlement to more than one exemption for himself was not tried, argued, or mentioned in our opinion. [3] Rule 155(c) proscribes consideration of "new issues." In sum, we agree with respondent's computation for 1980 except for its use of a gross income figure that does not comport with the parties' stipulation. We will order that new Rule 155 computations be submitted that use the stipulated figure or explain the use of another figure. For 1982, we again agree with respondent's computation in all respects except its use of a gross income figure in excess of the amount derived from the parties' stipulation. That stipulation lists items of gross income totalling $ 29,007 for 1982, while respondent's computation assumes gross income of $ 29,807. Again, we see *83 no reason for the discrepancy. Petitioner again improperly claims three exemptions. In addition, he claims a $ 2,000 Individual Retirement Account deduction that finds no support in the record or our opinion. The parties are in essential agreement as to itemized deductions, although petitioner claims a sales tax deduction six dollars greater than that allowed by respondent. We caution the parties to carefully review the pertinent table before submitting their new computations. We note that petitioner has not explained his objection to respondent's computations of additions for 1980 and 1982. Rule 155(b) required petitioner to submit an "alternative computation" with his objection. We therefore find respondent's computations of additions correct. Finally, petitioner would have respondent take into account withheld taxes in computing deficiencies for 1980 and 1982. Section 6211, which defines "deficiency," does not permit such a computation. Sec. 6211(b)(1); Redcay v. Commissioner,12 T.C. 806, 809-810 (1949). We note that respondent acknowledges the "prepayments" in his computations. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Carey v. Commissioner,T.C. Memo. 1987-452; Nason v. Commissioner,T.C. Memo. 1984-534↩.
3. While the parties stipulated that petitioner lived with his wife and two children, we cannot infer from that stipulation that petitioner is entitled to dependency exemptions. Sec. 151.↩