JACK H. BERRY AND CRISA A. BERRY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6978-89.     Filed September 18, 1991.

Jack H. Berry, pro se.
*Ruud L. DuVall,* for the respondent.

PARKER, *Judge:* By statutory notices of deficiency dated January 4, 1989, respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows:

*Jack Berry:*

| | | Additions to tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6654 | Sec. 6661 |
| 1982 | $13,299 | $2,057 | *$665 | $678 | $2,057 |
| 1983 | 10,878 | 1,506 | *544 | 294 | 1,506 |
| 1984 | 13,106 | 2,018 | *655 | 428 | 2,018 |
| 1985 | 10,309 | 1,210 | *515 | 198 | 1,210 |
| 1986 | 10,243 | 750 | **512 | 179 | 1,256 |

*Crisa Berry:*

| | | Additions to tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6654 | Sec. 6661 |
| 1982 | $6,928 | $575 | *$346 | $111 | $575 |
| 1983 | 1,516 | 377 | *277 | - - - | - - - |
| 1984 | 6,378 | 494 | *319 | 55 | 494 |
| 1985 | 8,146 | 860 | *407 | 130 | 860 |
| 1986 | 8,277 | 869 | **411 | 110 | 869 |

*Plus 50 percent of the interest due on each deficiency under sec. 6653(a)(2).

**Addition under sec. 6653(a)(1)(A), plus 50 percent of the interest due on the deficiency under sec. 6653(a)(1)(B).

Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issue remaining for decision is whether petitioners are entitled to an overpayment of their 1982 tax. In so deciding, we must consider the impact of a Form 872-A, Special Consent to Extend the Time to Assess Tax, that was executed prior to petitioners' late filing of their 1982 tax return.

---

[1]The concessions are set out in the parties' stipulation of facts.

## FINDINGS OF FACT

The parties submitted this case fully stipulated pursuant to Rule 122(a). The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Petitioners resided in Stafford, Virginia, at the time the petition was filed. Petitioners did not file Federal income tax returns for the taxable years 1982, 1984, 1985, and 1986. Petitioner Crisa A. Berry filed a return for 1983, claiming a filing status of "married filing separately." Petitioner Jack H. Berry did not file a return for 1983. Petitioners are entitled to joint filing status for all years before the Court except 1983. Petitioners are not entitled to joint filing status for that year because petitioner Crisa A. Berry filed a "married filing separately" return for that year.[2]

Although no return for the taxable year 1982 had been filed, on November 8, 1985, petitioners executed and, on November 14, 1985, respondent executed a Form 872-A, Special Consent to Extend the Time to Assess Tax, for the period ended December 31, 1982.[3] Paragraph 1 of this standard form supplied by respondent provides, generally, that any Federal income tax for 1982 may be assessed within 90 days after (a) the Internal Revenue Service (the Service) receives from the taxpayers a Form 872-T, Notice of Termination of Special Consent, (b) the Service mails a Form 872-T to the taxpayers, or (c) the Service mails a notice of deficiency for such period(s). Paragraph 3 states that "This agreement will not reduce the period of time otherwise provided by law for making such assessment." Paragraph 4 states that "The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 (six) months after this agreement ends."

Respondent mailed a separate notice of deficiency on January 4, 1989, to each petitioner for the taxable years

[2]On Mar. 30, 1989, after respondent's issuance of the statutory notices of deficiency, petitioners filed joint Federal income tax returns for the taxable years 1982, 1984, 1985, and 1986. Also on Mar. 30, 1989, they filed an amended Federal income tax return for the taxable year 1983, claiming joint filing status. Petitioners now agree that they are not entitled to such status for 1983.

[3]Such a special consent was not necessary to keep the limitations period open. When no return has been filed, as here, the tax may be assessed "at any time," i.e., there is no limitations period. Sec. 6501(c)(3).

1982 through 1986. As of January 4, 1989, petitioners had not filed a Federal income tax return (Form 1040) for the taxable year 1982 and had not filed any claim for credit or refund of an overpayment of tax for the taxable year 1982. On March 30, 1989, petitioners submitted a 1982 joint Federal income tax return to the Director of Internal Revenue, Richmond District. See *supra* note 2.

One area originally in dispute for the years at issue concerned the Cloud Basin partnership in which petitioners were involved. The parties have now stipulated that petitioners are entitled to a "cash out-of-pocket settlement" deduction in the amount of $12,194 in the taxable year 1982 and that petitioners must report income of $3,291 from the partnership in 1984. The record is silent as to the nature of the Cloud Basin partnership, the extent of petitioners' investment in the partnership, and whether they are general or limited partners.

Due to the various concessions by petitioners and respondent, the parties now agree that petitioners' correct joint income tax liability for 1982 is $3,906 plus an addition to tax pursuant to section 6653(a)(1) in the amount of $195. Petitioners' withholding credits for the taxable year 1982 are $9,700. Respondent has allowed the taxes withheld in 1982 to offset the correct tax liability for 1982 and the addition to tax. Thus, it would appear that petitioners have made an overpayment in the amount of $5,599.

OPINION

Petitioners seek to have this Court determine that they have made an overpayment of their 1982 tax. The 1982 tax in question was paid through withholding from wages. On January 4, 1989, on the date the deficiency notices were mailed to them, petitioners had not filed a return for 1982 and had not filed a claim for credit or refund of an overpayment of 1982 tax. However, in November 1985, petitioners and respondent had executed a Form 872-A consent agreement for the 1982 taxable year.

Under section 6512(b)(1), this Court has jurisdiction to determine an overpayment of tax for the year or years at issue. However, section 6512(b)(2) (now section 6512(b)(3)) limits the amount of the allowable refund or credit based on

the time of payment of the tax, i.e., paid after mailing of the deficiency notice or paid within certain limitations periods for filing a claim for credit or refund.

Section 6512(b)(2) (now section 6512(b)(3) and hereinafter cited as (b)(3)) provides that:

(3) LIMIT ON AMOUNT OF CREDIT OR REFUND.—No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid—

(A) after the mailing of the notice of deficiency,

(B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or

(C) within the period which would be applicable under section 6511(b)(2), (c), or (d) in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency—

(i) which had not been disallowed before that date,

(ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or

(iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.

Here, no portion of the 1982 tax was paid after the mailing of the deficiency notices. Sec. 6512(b)(3)(A). No claim for credit or refund had been filed as of the date of mailing of the deficiency notices. Sec. 6512(b)(3)(C). The question is whether any portion of the tax was paid within the period that such a claim could have been filed. Sec. 6512(b)(3)(B). The claim need not have actually been filed as long as it could have been filed on January 4, 1989.[4] Petitioners must show that the tax was paid within the periods applicable under section 6511(b)(2), (c), or (d),[5] which are expressly incorporated by reference into section 6512(b)(3)(B).

Section 6511(a) provides, generally, that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever period

---

[4]*Morin v. Commissioner*, T.C. Memo. 1990-404; *Estate of Wheeler v. Commissioner*, T.C. Memo. 1979-321.

[5]Sec. 6511(d) is clearly inapplicable to the facts of this case, the parties do not suggest that it has any applicability, and we will not further discuss that provision.

expires later. Section 6511(a) also expressly provides that if no return is filed, the claim must be filed within 2 years from the time the tax was paid.[6] While section 6511(a) provides the limitations periods for filing claims for credit or refund, section 6511(b), like section 6512(b), limits the amount of any such credit or refund.

Section 6511(b)(2) provides limitations on the amount of any credit or refund as follows:

(A) LIMIT WHERE CLAIM FILED WITHIN 3-YEAR PERIOD.—If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

(B) LIMIT WHERE CLAIM NOT FILED WITHIN 3-YEAR PERIOD.—If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

(C) LIMIT IF NO CLAIM FILED.—If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

Where the 3-year period applies, the amount of credit or refund that taxpayers may recover is limited to the taxes paid within the 3 years immediately preceding the filing of a claim therefor. Sec. 6511(b)(2)(A).

At the time of mailing of the deficiency notices, petitioners had not filed a 1982 tax return so the 3-year period does not apply. If, as petitioners seem to suggest, they are relying on the delinquent return that was filed after the mailing of the deficiency notices, i.e., on March 30, 1989, that avails them not at all. Assuming they could file such a refund claim, the amount of any credit or refund would be limited to the portion of the tax "paid within the period, immediately preceding the filing of the claim, equal to 3

---

[6]Petitioners argue that sec. 6511(a) has been liberalized since it now provides "within 3 years from the time the return was filed" whereas the earlier version read "within 3 years from the time the return was required to be filed." However, under either version, there was the express provision "or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."

years plus the period of any extension of time for filing the return." Sec. 6511(b)(2)(A). No portion of the 1982 tax was paid within that period.

Where the 2-year period applies, as here, any credit or refund is limited to the portion of the tax "paid during the 2 years immediately preceding the filing of the claim." Sec. 6511(b)(2)(B). Since no claim for credit or refund was actually filed, we must consider the deemed-filed claim that could have been filed on the date of the mailing of the deficiency notices. Sec. 6512(b)(3)(B). Thus, under such deemed-filed claim, the amount of any credit or refund is limited to the portion of the tax paid "during the 2 years immediately preceding the filing of the [deemed-filed] claim." Sec. 6511(b)(2)(B). No portion of the 1982 tax was paid during the 2-year period immediately preceding January 4, 1989. Here, petitioners' 1982 tax was paid wholly through withholding and thus is deemed to have been paid on April 15, 1983. Sec. 6513(b)(1).

These statutory limitations on *the time* for filing claims for credit or refund and on *the amount* of any credit or refund that can be allowed have long been applied to other taxpayers who at the time of mailing of the deficiency notice had neither filed a tax return nor filed a claim. *White v. Commissioner,* 72 T.C. 1126, 1130-1134 (1979); *Hosking v. Commissioner,* 62 T.C. 635, 642-644 (1974).[7] While the result may seem harsh where the tax has actually been overpaid by withholding or payments of estimated tax, the result is mandated by the law and is also a problem of the taxpayer's own creation.

Petitioners argue for a different result here, relying upon the Form 872-A, Special Consent to Extend the Time to Assess Tax, that was executed November 14, 1985, for their 1982 taxable year. We have found only one case where execution of a consent agreement seemingly produced the result sought by petitioners. *Estate of Wheeler v. Commissioner,* T.C. Memo. 1979-321. However, that case, which will be discussed in detail later in this opinion, is distinguishable

---

[7]See also *Singer v. Commissioner,* T.C. Memo. 1991-27; *Morin v. Commissioner,* T.C. Memo. 1990-404; *Edgmon v. Commissioner,* T.C. Memo. 1990-344; *Liles v. Commissioner,* T.C. Memo. 1989-613; *Carey v. Commissioner,* T.C. Memo. 1987-452; *Sutherland v. Commissioner,* T.C. Memo. 1987-301; *Nason v. Commissioner,* T.C. Memo. 1984-534; *Straw v. Commissioner,* T.C. Memo. 1983-641; *Poncelet v. Commissioner,* T.C. Memo. 1983-70.

on its facts. There the taxpayers filed timely tax returns and within 3 years after filing tax returns executed a consent agreement to extend the time to assess the tax. The facts in that case bring it squarely within the statutory framework of section 6501(c)(4) and section 6511(a), (b)(2), and (c).

Section 6511(c) provides special rules in case of an agreement to extend time under section 6501(c)(4). Also section 6511(c) is one of the specific provisions referred to above that is incorporated by reference into section 6512(b)(3)(B) for the deemed-filed claim situation.

Section 6511(c) provides special rules in case of an extension of time by agreement as follows:

(C) SPECIAL RULES APPLICABLE IN CASE OF EXTENSION OF TIME BY AGREEMENT.—If an agreement under the provisions of section 6501(c)(4) extending the period for assessment of a tax imposed by this title is made within the period prescribed in subsection (a) for the filing of a claim for credit or refund—

(1) TIME FOR FILING CLAIM.—The period for filing claim for credit or refund or for making credit or refund if no claim is filed, provided in subsections (a) and (b)(1), shall not expire prior to 6 months after the expiration of the period within which an assessment may be made pursuant to the agreement or any extension thereof under section 6501(c)(4).

(2) LIMIT ON AMOUNT.—If a claim is filed, or a credit or refund is allowed when no claim was filed, after the execution of the agreement and within 6 months after the expiration of the period within which an assessment may be made pursuant to the agreement or any extension thereof, the amount of the credit or refund shall not exceed the portion of the tax paid after the execution of the agreement and before the filing of the claim or the making of the credit or refund, as the case may be, plus the portion of the tax paid within the period which would be applicable under subsection (b)(2) if a claim had been filed on the date the agreement was executed.

At the outset we have some difficulty in characterizing the Form 872-A in this case as an agreement under section 6501(c)(4). At the time that Form 872-A was signed, petitioners had not filed a tax return for 1982. When no return has been filed, the tax may be assessed "at any time." Sec. 6501(c)(3). In other words, there is no limitations period to be extended. An agreement under section 6501(c)(4) to extend the limitations period cannot serve to change the fact that there is no limitations period and that

by law the tax can be assessed "at any time" in the case of failure to file a return. Sec. 6501(c)(3). The printed Form 872-A itself acknowledges that fact, stating in paragraph 3 that "This agreement will not reduce the period of time otherwise provided by law for making such assessment." We regard the Form 872-A in this case as a legal nullity.

Also, the Form 872-A in this case does not appear to satisfy the threshold requirement to bring the special rules of section 6511(c) into operation. Section 6511(c) initially requires that the agreement extending the assessment period must be one "made within the period prescribed in subsection (a) for the filing of a claim for credit or refund," i.e., within the 3-year or the 2-year period. Sec. 6511(a). Since no return had been filed, the claim, and hence the consent agreement, had to have been made within 2 years of payment of the tax, i.e., no later than April 15, 1985. Here, the Form 872-A was not executed until November of 1985, some 7 months after expiration of the period for filing a claim for credit or refund. Sec. 6511(a).

When the assessment period is extended after the period for filing a claim for credit or refund has expired, the consent agreement does not revive or extend the expired claim period. *Estate of Chism v. Commissioner,* 322 F.2d 956, 962-963 (9th Cir. 1963), affg. a Memorandum Opinion of this Court. While section 6501(c)(4) refers to a writing by both parties to extend the assessment period as an agreement, it is not a "contract," but "a voluntary, unilateral waiver of a defense by the taxpayer." *Stange v. United States,* 282 U.S. 270, 276 (1931). See *Florsheim Bros. Drygoods Co. v. United States,* 280 U.S. 453, 466-468 (1930). Thus, such an agreement cannot revive an expired statute of limitations for the filing of a claim, and the Commissioner is without authority to waive or otherwise relax mandatory statutory requirements. See, e.g., *United States v. Garbutt Oil Co.,* 302 U.S. 528, 533-535 (1938).

Petitioners have primarily relied upon *Stenclik v. Commissioner,* 907 F.2d 25 (2d Cir. 1990), and *Ashley (Eckersley) v. United States,* an unreported case (N.D. Cal. 1990, 66 AFTR 2d 90-5677, 90-2 USTC par. 50,535), to support their main proposition that their Form 872-A is a valid agreement between themselves and respondent. Those cases are

inapposite, and address the proper way to terminate an indefinite or open-ended consent such as the Form 872-A and whether such consent on its face limits issues, time, or both. The question here, however, is the timeliness of the execution of the Form 872-A with respect to invoking the special rules of section 6511(c).

If an agreement to extend the period for assessment of taxes is entered into under section 6501(c)(4), section 6511(c)(1) provides that a claim for credit or refund may be made within the 6 months after the expiration of the assessment period designated by the agreement. Ignoring the problems discussed above, petitioners rely upon section 6511(c)(1) and paragraph 4 of the Form 872-A which states that "The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 (six) months after the agreement ends." Petitioners argue that they can file a refund claim within 6 months after termination of the consent agreement. Presumably the consent agreement would have terminated no later than when the Service mailed the deficiency notices to petitioners. Assuming the consent agreement here possessed any legal vitality and somehow brought petitioners over the time-limitations hurdles for filing a claim for credit or refund, again that avails petitioners not at all. There is still the matter of the statutory limitations on *the amount* of any credit or refund that is allowable.

Section 6511(c)(2) expressly limits the amount of any credit or refund to the portion of the tax "paid after the execution of the agreement [November 1985] and before the filing of the claim * * * plus the portion of the tax paid within the period which would be applicable under subsection (b)(2) if a claim had been filed on the date the agreement was executed." Petitioners paid no portion of the tax after November 14, 1985. Using the date of execution of the Form 872-A as another deemed-filed claim date, no portion of the tax was paid within the 2-year period immediately preceding November 14, 1985. Sec. 6511(b)(2). Thus, even with the benefits of the Form 872-A and the special rules under section 6511(c), petitioners cannot recover any portion of their overpayment of tax.

In *Estate of Wheeler v. Commissioner, supra,* the taxpayers were able to recover their overpayments of tax because they were deemed to have filed timely claims for refund and had paid the taxes in question during the time periods prescribed by section 6511(b)(2) and (c).

Henry Wheeler and his wife made loans from 1952 through 1958 to American Sulphur & Refining Co., a company in which they owned a 46-percent interest. Having determined that the company's promissory notes payable to them were worthless, on or about April 15, 1961, the taxpayers filed claims for refund for taxable years 1955 through 1958. They claimed a business bad debt loss for 1958, not previously reported on that year's return, and sought to carry back the resulting excess net operating loss to the years 1955, 1956, and 1957. Respondent's statutory notice disallowed the claimed loss, asserting that a net operating loss did not occur in 1958 because the company did not cease doing business until 1960, the time at which the notes' worthlessness was to be considered. Respondent did not allow any part of the loss for any of the tax years at issue either as an ordinary loss or as a capital loss.

Respondent's statutory notice of deficiency for years 1956 through 1964 was mailed December 10, 1968. The taxpayers and respondent had executed timely agreements consenting to the extension of the period of limitations for assessment of the tax for the years 1960 through 1965.

This Court determined that the loan represented a deductible nonbusiness bad debt and that the year of loss was 1960. Once we have acquired jurisdiction by the filing of a timely petition, we may consider all issues relating to the correct tax liability for the periods covered by the statutory notice of deficiency and the petition. Sec. 6512(a); *Estate of Wheeler v. Commissioner,* 38 T.C.M. 1236, 1237, 48 P-H Memo. T.C. par. 79,321 at 1191 (1979). We redetermined the taxpayers' liability for 1960 and subsequent tax years 1961 to 1965 due to the applicability of the capital loss carryover provisions. Under section 6512(b)(3)(B), which incorporates section 6511(c), the taxpayers were entitled to overpayments for 1960 through 1965 because the period of limitations was still open for filing refund claims for any taxes overpaid in the years at issue. Agreements extending the

period of limitations for assessment had been timely executed prior to the expiration of the limitations period for filing claims for credit or refund. The agreements, thus, also extended the period of limitations for filing claims for refund until 6 months after the period provided for assessment expired. Accordingly, the initial consent agreements and all subsequent timely extensions thereof extended the period to file refund claims well after the date the statutory notice was issued. It is immaterial that actual claims for refund were not filed as long as they could have been filed when the consent agreement was executed and when the statutory notice was issued. Secs. 6512(b)(3)(B); 6511(c).

The amount that may be claimed under section 6511(c) is limited to taxes paid after the execution of such consent agreements plus the portion of tax paid within the period which would be applicable under section 6511(b)(2) if a claim had been filed on the date the agreement was executed (whether or not an actual claim had been filed). All of the taxes claimed by the taxpayers were paid within 3 years of the time the first agreement was executed for each of the years in question. The 3-year period was applicable because the taxpayers had filed (in a timely manner) Federal income tax returns for the years at issue.

As we have discussed above, petitioners in the present case could not have filed a timely claim for credit or refund on the date of the consent agreement or on the date of the notices of deficiency. As we have previously stated, the 2-year period is applicable to petitioners because no 1982 tax return had been filed at the time the Form 872-A was executed or at the time the notices of deficiency were mailed. Even if such a timely claim could have been filed, the amount to which petitioners would be entitled would be zero because they did not pay (nor were deemed to have paid) any of the 1982 taxes after the execution of the Form 872-A or within the 2-year period immediately preceding the date on which the consent agreement was executed. Secs. 6512(b)(3)(B); 6511(b)(2)(B) and (c).

Lastly, petitioners rely on section 6230(d) as authority for their claim for refund. That section provides special rules for claims relating to partnership items.[8]

Petitioners' argument that special limitations periods apply for claiming a credit or refund in this case because the overpayment involved partnership items is also without merit. For purposes of applying these rules, section 6231(a)(1) provides definitions:

(A) IN GENERAL.—Except as provided in subparagraph (B), the term "partnership" means any partnership required to file a return under section 6031(a).

(B) EXCEPTION FOR SMALL PARTNERSHIPS.—

(i) IN GENERAL. The term "partnership" shall not include any partnership if—

(I) such partnership has 10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate, and

(II) each partner's share of each partnership item is the same as his share of every other item. For purposes of the preceding sentence, a husband and wife (and their estates) shall be treated as 1 partner.

(ii) ELECTION TO HAVE SUBCHAPTER APPLY.—A partnership (within the meaning of subparagraph (A)) may for any taxable year elect to have clause (i) not apply. Such election shall apply for such taxable year and all subsequent taxable years unless revoked with the consent of the Secretary.

Petitioners have not provided any evidence demonstrating that the Cloud Basin partnership qualifies for the application of section 6230 or that, if necessary, an election under section 6231(a)(1)(B)(ii) was in effect for taxable year 1982. Moreover, Congress added section 6230 to the Internal Revenue Code to be effective for partnership years beginning after September 3, 1982. Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324. Petitioners have not offered any evidence that the Cloud Basin partnership's 1982 taxable year commenced after September 3, 1982.

---

[8]Petitioners also referred in their opening brief to sec. 6511(g), as it read prior to the amendment made by sec. 402(c)(7) of Pub. L. 97-248, 96 Stat. 324, 677, which contained special rules for a "federally registered partnership." That section contains special provisions relating to overpayments attributable to partnership items. We agree with respondent that this argument was raised improperly for the first time on brief and that petitioners provided no evidence that their partnership met the requirements of this section. *Aero Rental v. Commissioner*, 64 T.C. 331, 338 (1975). Even though this is a fully stipulated case, the burden of proof remains on petitioners. Rule 122(b); *Boehm v. Commissioner*, 326 U.S. 287 (1945). Thus, even if the issue had been timely raised, petitioners have failed to carry their burden of proof.

We conclude that petitioners are not entitled to an overpayment for their 1982 tax year.

To reflect the above holding and the parties' concessions,

*Decision will be entered under Rule 155.*