WILLIAM J. ERMATINGER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ermatinger v. Commissioner
Docket No. 17287-90
United States Tax Court
T.C. Memo 1993-75; 1993 Tax Ct. Memo LEXIS 78; 65 T.C.M. (CCH) 2000; March 8, 1993, Filed *78 Decision will be entered under Rule 155. William J. Ermatinger, pro se. For respondent: Catherine Caballero. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651
6653
6653
6653
6653
6654(a)
(a)(1)
(a)(1)
(a)(2)
(a)(1)(A)
(a)(1)(B)
1984
$ 11,081.00
$ 1,660.25
$ 554.05
[1]
--   --
$ 348.00
1985
12,157.00
1,887.25
607.85
[2]
--   --
366.00
1986
25,709.00
5,010.50
--  --
$ 1,285.45
[3] 900.00
1987
8,751.00
1,058.00
--  --
437.55
[4]
150.26
After concessions by the parties, the issues for decision are: (1) Whether petitioner failed to file timely a Federal income tax return for 1986, *79 and is liable for an addition to tax for 1986 under section 6651(a)(1). We hold that he did and he is. (2) Whether petitioner is liable for additions to tax under section 6653(a)(1) for 1984 and 1985, under section 6653(a)(1)(A) and (B) for 1986, and under section 6653(a)(1)(A) for 1987. We hold that he is. (3) Whether petitioner is entitled to a credit or refund from an overpayment of taxes for 1984 and 1985. We hold that petitioner is barred from receiving a refund or credit for such years by the statute of limitations under sections 6511 and 6512(b). All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT We incorporate by reference the stipulation of facts and attached exhibits. Petitioner resided in Clackamas, Oregon, at the time of the filing of his petition. Although petitioner had taxable income of $ 24,122, $ 25,966, $ 39,865, and $ 21,335 for 1984, 1985, 1986, and 1987, respectively, petitioner failed to file timely Federal income tax returns for those years. Between May and August 1989, respondent filed substitute *80 tax returns for petitioner for the years at issue so that notices of deficiency for those years could be issued to petitioner. Posting of these filings appeared as a transaction code "150" (indicating a posting of return information) on respondent's records regarding petitioner. These entries indicated zero taxable income and zero tax liabilities. Assessments of zero taxes due were made on July 17, 1989, for tax years 1984, 1985, and 1986 and on October 16, 1989, for tax year 1987. Respondent's filing of substitute tax returns showing no taxable income, no taxes due, and assessing the same is a customary, preliminary step to the issuance of a statutory notice of deficiency in cases where the taxpayer has failed to file a return. In May 1990, based on the information returns respondent received from petitioner's employer (Form W-2) and financial institutions and others (Form 1099), respondent issued notices of deficiency to petitioner for the years at issue determining deficiencies in and additions to tax in the amounts listed above. Apparently in response to the notices of deficiency, in July 1990, petitioner filed Federal income tax returns for the years 1984, 1985, 1986, 1987, *81 1988, and 1989. The parties have stipulated that there are deficiencies in income taxes due from petitioner in the amounts of $ 3,570, $ 3,599, $ 8,334, and $ 3,079 for 1984, 1985, 1986, and 1987, respectively. They have also stipulated that petitioner is entitled to withholding credits of $ 4,440, $ 4,608, $ 6,190, and $ 4,519 for 1984, 1985, 1986, and 1987, respectively. OPINION Section 6651(a)(1) imposes an addition to tax for the failure to file a return required to be filed by, inter alia, subchapter A, chapter 61 (relating to income taxes), unless such failure is due to reasonable cause and not due to the willful neglect of the taxpayer. The amount imposed is 5 percent of the tax due for each month that the filing is delinquent, but not exceeding 25 percent. Sec. 6651(a)(1). Income tax returns for individuals filing on a calendar year basis are due on the 15th day of April following the close of the calendar year. Sec. 6072(a). Section 6653(a) imposes an addition to tax if an underpayment of tax is due to the taxpayer's negligence or is due to the taxpayer's disregard of the rules or regulations. The amount imposed is 5 percent of the underpayment, plus 50 percent *82 of the interest payable under section 6601 with respect to the portion of the underpayment due to negligence. Sec. 6653(a)(1)(A) and (B). Petitioner bears the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend that his failure to file is due to reasonable cause. Rather, while not expressly testifying at trial that he timely filed tax returns for the years at issue, on brief petitioner claims that they were in fact timely filed. In support of this contention, petitioner submitted copies of certain printouts from the computer "master file" maintained by respondent regarding petitioner. Petitioner also submitted copies of selected pages of the Internal Revenue Manual (IRM), and respondent's Automated Data Processing Document 6209. Petitioner maintains that those documents establish that his returns were timely filed. We disagree, and have found that petitioner did not file income tax returns for the years at issue until July 1990. The copies of petitioner's master file indicate transaction code "150" entries on July 17, 1989, for tax years 1984, 1985, and 1986, and the same entry on October 16, *83 1989, for tax year 1987. Petitioner claims these entries show that respondent had petitioner's returns "at least in July of 1989". These entries, however, reflect only the return information posted from the substitute returns respondent filed for petitioner showing no taxable income and no tax liabilities for the years at issue. This was done to facilitate the issuance of notices of deficiency. Logically, the zero taxable income and tax liabilities listed on the master file are inconsistent with the returns for the years at issue petitioner filed in July 1990, the informational returns on which respondent based the notices of deficiency, and the parties' stipulations regarding the underlying deficiencies for the years at issue. The evidence proffered by petitioner simply does not support his contention that his returns were timely filed. Moreover, even if respondent received petitioner's returns "as of at least July 1989" as petitioner contends, petitioner would still be liable for the full 25-percent addition to tax for 1986 under section 6651(a)(1), because the 1986 return would still have been untimely by more than 5 months. Sec. 6072(a). We hold that petitioner is liable *84 for the addition to tax under section 6651(a)(1) for 1986 as determined by respondent. Since we have found that petitioner failed to file timely tax returns for the years at issue and the parties have stipulated the deficiencies for those years, underpayments for the years at issue within the meaning of section 6653(c) exist by definition. Emmons v. Commissioner, 92 T.C. 342, 348-349 (1989). A taxpayer's failure to file income tax returns in a timely manner establishes a prima facie case for negligence requiring the taxpayer to come forward with evidence to rebut the presumption. Id. at 349-350. Petitioner failed to offer any evidence that the underpayments were not due to negligence or intentional disregard of the rules or regulations. Other than the documents mentioned above, which we have dismissed as not supporting petitioner's contention, petitioner has submitted no evidence regarding the preparation of his tax returns, when they were filed, or why respondent has no record of them prior to July 1990. Under these circumstances, we hold that petitioner is liable for the additions to tax under section 6653(a)(1) *85 for 1984 and 1985, under section 6653(a)(1)(A) and (B) for 1986, and under section 6653(a)(1)(A) for 1987 on the entire underpayments for each of the years at issue. Petitioner also asserts that he is entitled to a credit or refund for overpayments from 1984 and 1985. We disagree. Simply stated, due to petitioner's untimely filing of his tax returns, we are barred by the statute of limitations from granting a credit or refund. In oversimplified terms, one of two statutes of limitations governs generally the granting of a credit or refund: a 3-year statute of limitations from the date the return is filed for payments made with the return, and a 2-year statute of limitations from the date the tax is paid for payments made without or separate from a return. Sec. 6511(a). [1] Petitioner falls outside of both. A complete explanation follows. We have jurisdiction to determine the amount of overpayments *86 for years before us and the power to order a credit or refund of the same. Sec. 6512(b)(1) and (2). However, section 6512(b)(3) limits credits or refunds to taxes paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency - (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.
Section 6511(a) provides the general limitation on the filing of a claim for credit or refund for any given taxable *87 period. Such a claim must be filed within the later of the 3 years following the time the return was filed, or the 2 years following the time the tax was paid. As described below, section 6511(b) limits the amount of credit or refund allowable. Section 6511(c) and (d) are inapplicable here. Section 6511(b)(2)(A) limits claims for credit or refund to taxes paid within the 3-year period following the filing of a return for the period for which the claim is sought. Section 6511(b)(2)(B) provides that where no claim for credit or refund is filed within the 3-year period, such claims are limited to taxes paid within the 2-year period immediately preceding the filing of a claim. Section 6511(b)(2)(C) limits claims for credit or refund to amounts allowable under subparagraphs (A) and (B), whichever would apply if a credit or refund is allowed. Any tax withheld at the source is deemed paid by the recipient of the income to which the tax relates on the 15th day of the fourth month following the close of the recipient's taxable year. Sec. 6513(b)(1). Since the taxes for 1984 and 1985 are thus deemed paid by petitioner on April 15, 1985, and April 15, 1986, respectively, no portion *88 of the taxes paid for those years was paid after the May 4, 1990, mailing date of the notices of deficiency for those years. Therefore, no credit or refund may be granted under section 6512(b)(3)(A). Further, since petitioner did not file a claim for credit or refund before the May 4, 1990, mailing date of the notices of deficiency, no credit or refund may be granted under section 6512(b)(3)(C). Finally, since no portion of petitioner's taxes was paid within the 2-year look-back period, the applicable period under section 6511(b)(2), no credit or refund may be granted under section 6512(b)(3)(B). Allen v. Commissioner, 99 T.C.    ,     (Oct. 6, 1992); Berry v. Commissioner, 97 T.C. 339 (1991). Thus, we hold that petitioner is not entitled to a credit or refund for any overpayments from 1984 and 1985. Id.
While not raised in the petition, petitioner also asserts on brief that the notices of deficiency are invalid and thus this Court lacks jurisdiction because respondent failed to make proper "determinations", citing Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983). *89 While the argument is not entirely clear, petitioner apparently claims that respondent failed to consider his returns while relying on numbers taken off a computer that no one examined or considered. This argument has no merit. Petitioner had not filed income tax returns prior to respondent's determinations. The notices of deficiency were therefore based on Form W-2 and Form 1099 information respondent received from third-party payors regarding petitioner. Moveover, petitioner does not dispute any such information and has in fact settled the case with respect to the underlying deficiencies. Scar v. Commissioner, supra, is inapposite. Respondent's notices of deficiency are valid, and we have jurisdiction. See Hartman v. Commissioner, 65 T.C. 542, 546 (1975). Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on $ 6,641.↩
2. 50 percent of the interest due on $ 7,549.↩
3. 50 percent of the interest due on $ 20,042.↩
4. 50 percent of the interest due on $ 4,232.↩
1. In determining whether petitioner is entitled to a credit or refund, we apply secs. 6511 and 6512↩ as currently in effect.