JAMES T. ROLLS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rolls v. Commissioner
Docket No. 20633-91
United States Tax Court
T.C. Memo 1994-23; 1994 Tax Ct. Memo LEXIS 30; 67 T.C.M. (CCH) 1985; January 19, 1994, Filed *30 Decision will be entered for respondent. James T. Rolls, pro se. For respondent: Frank D. Armstrong, Jr.
PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a) 6653(a)(1)
6653(a)(1)(A) 6653(a)(1)(B) 6654(a) 1987
$ 25,100
$ 5,293.50
--
$ 1,255
[1]
--
1988
27,908
5,944.00
$ 1,395
--
--
$ 1,490
After concessions, [1] *31 the sole remaining issue for decision is whether petitioner is entitled to a credit or refund of any tax overpaid for 1987. We hold that petitioner is not entitled to a refund for 1987 in light of the 3-year limitation period of section 6511(b)(2)(A), [2] as made applicable by section 6512(b)(3)(C). Thus petitioner cannot apply the 1987 overpayment to the 1988 tax year. FINDINGS OF FACT The parties submitted this case fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed, petitioner resided in Charlotte, North Carolina. Petitioner is married and filed joint income tax returns for 1986 and 1987, and submitted a joint income tax return for 1988 to the Internal Revenue Service appeals officer. Petitioner is a certified public accountant. In 1986 and part of 1987, petitioner was employed by a national accounting firm, Ernst & Whinney, in its Cleveland, Ohio office. For part of the year 1987 and all of 1988, petitioner was employed by another national accounting firm, Arthur Young in its Charlotte, North Carolina office. Petitioner did not timely file Federal income tax returns for the tax years 1986, [3] 1987, and 1988. In 1990 petitioner was contacted by a number of *32 IRS employees concerning his income tax liabilities for the tax years 1986, 1987, and 1988. On April 11, 1991, petitioner and his wife filed a joint 1986 Federal income tax return claiming withholding credits of $ 3,712, a tax liability of $ 2,177, and an overpayment of tax of $ 1,535. On April 19, 1991, petitioner and his wife filed a joint 1987 Federal income tax return claiming prepayment credits of $ 5,463, including the $ 1,535 overpayment claimed for 1986 that petitioner requested be applied to 1987 as estimated tax, a tax liability of $ 4,088, and an overpayment in tax of $ 1,375. Petitioner elected to have the claimed overpayment applied to his 1988 estimated tax liability. On June 17, 1991, respondent issued statutory notices of deficiency to petitioner. In the notices, respondent asserted deficiencies in and additions *33 to petitioner's 1987 and 1988 Federal income tax in regard to unreported income. On September 6, 1991, petitioner filed a petition with this Court. Sometime after September 6, 1991, petitioner received a Form 886-A from the IRS. With this form, the IRS informed petitioner that his 1987 Federal income tax return was accepted as filed. On November 12, 1991, petitioner filed an amended petition to comply with the form requirements of this Court. On December 13, 1991, respondent filed an answer to the amended petition, conceding no deficiency in tax or additions to tax for the 1987 tax year. The IRS further determined that petitioner's 1986 Federal income tax return was filed beyond the 3-year limitation period required to obtain a refund or credit of overpayment of tax. As a result, the IRS concluded that the 1986 overpayment of $ 1,535 should be transferred to the excess collections account and not applied to petitioner's 1987 Federal income tax return. On July 2, 1992, respondent attempted to amend her answer to show that the 1986 overpayment should be disallowed and thus petitioner's 1987 Federal income tax return should not show an overpayment but an underpayment. On August *34 18, 1992, petitioner made a payment of $ 200 toward his 1987 income tax liability. This Court denied respondent's motion to amend the answer on September 2, 1992. After the amended petition and answer to amended petition were filed on August 28, 1992, petitioner provided a copy of a joint 1988 Federal income tax return to the IRS appeals officer claiming prepayment credits of $ 5,509, including the claimed $ 1,375 overpayment from 1987, a tax liability of $ 11,503, and a net tax due of $ 5,994. OPINION Respondent asserts that although she stated petitioner's 1987 Federal income tax return contained no deficiency in tax or additions to tax, she did not agree that there was an overpayment of tax for 1987 that was available to carryover as a credit to petitioner's 1988 Federal income tax return. Petitioner asserts that respondent accepted his 1987 return as filed and that the 1987 overpayment of tax reflected on his late filed return should be applied to his 1988 Federal income tax liability. Section 6512(b)(1) authorizes the Tax Court to determine the amount of an overpayment and requires that the overpayment determined be refunded or credited to the taxpayer, subject to the limitations *35 imposed by section 6512(b)(3). In this case, the applicable rule in section 6512(b)(3)(C) provides: (3) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- * * * (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency (i) which had not been disallowed before that date,
Refund or credit may be made or allowed of any amounts that could have been refunded or credited under section 6511(b)(2), (c), or (d) with respect to such claim. Subsections (c) and (d) impose rules for special situations that are not present here. The relevant provision here is section 6511(b)(2) which provides: (b) Limitation on allowance of credits and refunds. -- * * * (2) Limit on amount of credit or refund. -- (A) Limit where claim filed within 3-year period. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), *36 the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. (B) Limit where claim not filed within 3-year period. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. (C) Limit if no claim filed. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.
For the tax year 1987 subparagraph (C) is not applicable because it only applies when no claim for credit or refund was filed. Subparagraph (B) does not apply because although the 1987 return was not timely filed, the return itself is deemed a claim for credit; thus the claim for credit was filed within the required 3-year period. Subparagraph (A) is applicable in the case at hand. The claim for credit for 1987 was filed no earlier than April 19, 1991, the date *37 on which the return for that year was filed. All relevant amounts for 1987 -- withholding, estimated tax payments and the 1986 overpayment [4] -- were deemed paid no later than April 15, 1988. Sec. 301.6513-1(b)(1) and (2), (d), Income Tax Regs. Thus, the amount petitioner requested to be credited to 1988 from his 1987 Federal income tax return was deemed paid more than 3 years prior to the claim for credit. Credit of the overpayment for 1987 is therefore barred by the statute. Sec. 6511(b)(2)(C). While the result may seem harsh in view of the actual overpayments, the statute is precise and the result mandated by law. Petitioner failed to *38 file his income tax returns when due. The unhappy result here is the consequence of "a problem of the taxpayer's own creation." Berry v. Commissioner, 97 T.C. 339, 345 (1991). To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩
1. Respondent conceded that there is no deficiency in or additions to Federal income tax for the 1987 tax year. Respondent has further conceded that sec. 6654 does not apply to the tax year 1988. The parties agree that petitioner's income tax liability for the 1988 tax year, based on joint rate computations and without allowance of any payments or credits, is $ 11,503. The parties also agree that petitioner is liable for an addition to tax for the 1988 tax year under sec. 6651(a)(1) in the amount of $ 1,842.30, and sec. 6653(a)(1) in the amount of $ 575.13, if petitioner is not entitled to carry over an overpayment credit of $ 1,375 from the 1987 tax year.↩
2. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. Petitioner obtained an extension of time until September 15, 1987 to file his 1986 income tax return. The record does not indicate that petitioner obtained any extensions for 1987 and 1988.↩
4. The IRS contends that there is no credit available from 1986. For the sake of the present analysis, we will assume that the 1986 credit was proper. However, on April 11, 1991, when petitioner filed his return for 1986, it was too late to claim a refund of any overpayment for that year. The analysis for 1986 would be very similar to the analysis presented here for 1987.↩