JOHN A. SUTHERLAND, JR. AND RUTH SUTHERLAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sutherland v. Commissioner
Docket No. 36088-85.
United States Tax Court
T.C. Memo 1987-301; 1987 Tax Ct. Memo LEXIS 301; 53 T.C.M. (CCH) 1151; T.C.M. (RIA) 87301; June 22, 1987. *301 Petitioners did not file income tax returns for 1977 through 1981 but had income taxes withheld from their wages. The parties have stipulated the amounts of the deficiencies for each year and the years for which additions to tax under sec. 6653(a) and (b), I.R.C. 1954, are applicable. Held: In computing the amounts of the underpayments to which the percentage additions to tax are to be applied, petitioners' tax liabilities may not be reduced by the income taxes withheld from their wages. Held further: The amounts by which the income tax withholdings from petitioners' wages for 1981 exceeded their tax liabilities for that year are barred by limitations prescribed by sec. 6511(a), I.R.C. 1954, when the Tax Court petition was filed and may not, therefore, be refunded or credited on the liability for the other years. Dean H. Wakayama, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined deficiencies in each petitioner's Federal income taxes and additions to tax under section 6653(b)[1] as follows: Year
Deficiency
Addition to Tax (Sec. 6653(b))
1977
$3,895
$1,947
1978
$4,537
$2,268
1979
$6,775
$3,387
1980
$4,737
$2,368
1981
$4,720
$2,360
Respondent alleges in his answer that petitioners are, alternatively, *305 liable for additions to tax under section 6653(a) and 6651(a) for each of the tax years 1977 to 1981 inclusive. After concessions, the issues for determination are: 1. Whether respondent properly computed the additions to tax for fraud under section 6653(b) and for negligence under section 6653(a). 2. Whether petitioners are entitled to claim an overpayment for 1981 based on amounts withheld from their wages. All the facts have been stipulated. Petitioners John A. Sutherland, Jr., and Ruth Sutherland resided in Kent, Washington, at the time their petition was filed. Petitioners filed no Federal income tax returns for their 1977, 1978, 1979, 1980, and 1981 taxable years. The parties have stipulated that deficiencies in income taxes and additions to taxes under section 6651(a) for failure to file a return are due from petitioners as follows: John A. Sutherland, Jr.
Year
Deficiency
Addition to Tax (Sec. 6651(a))
1977
$2,352
$233
1978
$3,345
1979
$4,113
1980
$2,162
1981
$  947
Ruth Sutherland
Year
Deficiency
Addition to Tax (Sec. 6651(a))
1977
$2,627
$302
1978
$3,661
$904
1979
$4,543
$848
1980
$2,469
$202
1981
$1,160
*306 The parties have further stipulated that, with respect to petitioner John A. Sutherland, Jr., part of the underpayment of tax for 1977 was due to negligence or disregard of rules or regulations within the meaning of section 6653(a), and part of the underpayments of tax for 1978, 1979, 1980, and 1981 were due to fraud within the meaning of section 6653(b). With respect to petitioner Ruth Sutherland, the parties have stipulated that the negligence addition to tax (section 6653(a)) is applicable to underpayments of tax in each of the taxable years 1977 to 1981, inclusive. Amounts of Federal income taxes withheld from petitioners' earnings are as follows: Year
Taxes Withheld
1977
$2,838
1978
$   94
1979
$2,300
1980
$3,326
1981
$4,904
Petitioners filed no claim for credit or refund of an overpayment of tax for the taxable year 1981. Computations of Additions to Tax for Fraud and Negligence
Petitioners have not filed a brief but the stipulation states that they are liable for the deficiencies in each of the years at issue and for additions to tax under sections 6651(a) (failure to file return), 6653(a) (negligence), and 6653(b) (fraud), as set *307 forth above. They take exception, however, to respondent's method of computing the negligence and fraud additions. In the case of fraud, section 6653(b) imposes an addition to the tax in an amount equal to 50 percent of the "underpayment." In the case of negligence, section 6653(a) imposes an addition to the tax in an amount equal to 5 percent of the "underpayment." [2]
Underpayment of tax for purposes of the fraud and negligence additions is defined by section 6653(c) as follows: (1) Income, Estate, Gift, and Certain Excise Taxes. -- In the case of a tax to which section 6211 * * * is applicable, a deficiency as defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A)) shall be *308 taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing), * * * Section 6211, to which section 6653(c) refers, provides in pertinent part: (a) In General. -- For purposes of this title in the case of income, estate, and gift taxes * * * the term "deficiency" means the amount by which the tax imposed * * * exceeds the excess of -- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, * * * Further, section 6211(b)(1) specifically provides that the "tax shown on the return," referred to in section 6211(a)(1), will be determined "without regard to the credit under section 31 [relating to withholding of income tax on wages]." Because petitioners in the instant case did not file returns for the tax years at issue, there was no "amount shown as the tax by the taxpayer upon his return" to be deducted from the total tax liability in *309 computing the "deficiency." Sec. 6211(a)(1); see Cirillo v. Commissioner,314 F.2d 478, 484 (3d Cir. 1963), affg. on this issue a Memorandum Opinion of this Court; Tomlinson v. Lefkowitz,334 F.2d 262, 267 (5th Cir. 1964). As explained in Cirillo v. Commissioner,314 F.2d at 484: This language [predecessor of sec. 6211(a)(1)] makes it clear that neither the existence nor the amount of the "deficiency" of a taxpayer who has failed to file a return is affected in any way by the existence of a withholding credit partially or fully offsetting his tax liability. * * * In addition, amounts withheld from petitioners' wages, for which they may have been entitled to a credit, will not reduce "the tax imposed" for purposes of the computation of additions to tax, because tax withholdings are specifically excluded from amounts shown on the tax return. Sec. 6211(b)(1); Cirillo v. Commissioner,supra at 484. [3] Again, as explained in Cirillo v. Commissioner,supra at 484: When the deadline for filing a 1952 tax return passed, a "deficiency" in the amount of "the tax imposed" came into existence. *310 Because no return had then been filed, there simply was no "amount shown as the tax by the taxpayer upon his return" to be deducted from the total tax liability in computing the "deficiency." * * * Therefore, for the purposes of computing the additions to tax for fraud and negligence applicable to petitioners in this case, the underpayment of tax for each tax year is not reduced by amounts of tax withheld from petitioners' wages. Credit for Overpayment of Tax
Petitioners have reserved the contention that, although they are liable for the stipulated deficiencies, they are entitled to credit for an overpayment of tax in 1981 based on taxes withheld from their wages in that year. Again, we have no brief supporting petitioners' position. Respondent contends that, while the taxes were withheld and paid, a credit for the overpayment for 1981 is prohibited by the statute of limitations in section 6511. The record is not entirely clear but, as we understand it, the notice of deficiency issued to each of the petitioners shows a deficiency of $4,720, a prepayment of $2,452 and a "net amount due before penalties" *311 of $2,268 ($2,269 in Ruth Sutherland's notice) for 1981. The stipulation of facts shows that the parties agree there is a deficiency of $947 in John Sutherland's taxes and a deficiency of $1,160 in Ruth Sutherland's taxes for 1981. The stipulation shows that $4,904 was withheld from petitioners' wages for 1981. Thus, taking into account the stipulated deficiency amounts and using those amounts as the bases for computing the agreed additions to tax, the amounts withheld from petitioners' wages for 1981 exceed the total amount of the deficiencies and additions to tax. If we understand the parties' respective positions, respondent intends to apply the amount withheld from petitioners' wages in 1981 against the stipulated deficiency for that year; [4] however, petitioners contend that they are entitled to a refund of any excess amount or a credit thereof on their liabilities for the other years. The parties have stipulated, as noted above, that petitioners filed no claim for credit or refund of an overpayment. *312 Section 6511 provides in pertinent part as follows: (a) Period of Limitation on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid. (b) Limitation on Allowance of Credits and Refunds. -- (1) Filing of claim within prescribed period. -- No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period. Although petitioners did not file a *313 tax return for their 1981 tax year, taxes were "paid" in that year in the form of taxes withheld from wages earned. [5]
Section 6513(b)(1) effectively provides that for purposes of section 6511 a tax actually deducted and withheld at the source during any calendar year, in respect to the receipt of income, is deemed to have been paid by the taxpayer on the 15th day of the fourth month following the close of his taxable year. Because petitioners filed no return for 1981, the statute of limitations for that year on claiming a credit for overpayment of tax would expire 2 years after the taxes were "paid." Sec. 6511(a). Taxes withheld from petitioners' wages in 1981 in the amount of $4,904 are deemed paid on the 15th day of the fourth month following the close of the calendar year, or April 15, 1982. Sec. 6513(b)(1). Thus, the section 6511 statute of limitations on claiming credit for the overpayment in 1981 expired for petitioners on April 16, 1984. *314 Sec. 7503. The parties having stipulated that petitioners filed no claim for credit or refund of an overpayment for the 1981 taxable year on or before April 16, 1984, their claim is barred. Section 6512(a) gives the Tax Court jurisdiction to determine an overpayment of tax and the amount thereof. However, section 6512(b)(2) prescribes limitations on the amounts of credits or refunds as follows: (b) Overpayment Determined by Tax Court. -- (1) Jurisdiction to determine. -- Except as provided by paragraph (2) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, * * * in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer. *315 (2) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532. These provisions do not extend the Court's jurisdiction to order an overpayment *316 to a period beyond the period prescribed by section 6511, discussed above. [6]
Therefore, the statute of limitations bars petitioners' claim for a credit or refund of an overpayment in 1981 resulting from taxes withheld from their wages in that year. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. Applicable to petitioner Ruth Sutherland's 1981 tax year only, sec. 6653(a)(2)↩ imposes a further addition to the tax equal to 50 percent of the interest payable under sec. 6601 with respect to that part of the underpayment attributable to negligence.
3. Doraman v. Commissioner,T.C. Memo. 1986-203↩.
4. Presumably, the tax withheld from petitioners' wages in 1981 will be applied to offset the additions to tax on the deficiency for that year also. Sec. 301.6659-1(a), Proced. & Admin. Regs.↩
5. Taxes withheld constitute a credit under sec. 31(a). If the credit exceeds the tax imposed, the excess is an overpayment of tax. Sec. 6401(b).↩
6. See Poncelet v. Commissioner,T.C. Memo. 1983-70↩.