DOUGLAS B. KLUNDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klunder v. Commissioner
Docket No. 5034-90
United States Tax Court
T.C. Memo 1991-489; 1991 Tax Ct. Memo LEXIS 538; 62 T.C.M. (CCH) 888; T.C.M. (RIA) 91489; September 30, 1991, Filed *538 Decision will be entered under Rule 155. Douglas B. Klunder, pro se. Cathy A. Goodson, for the respondent. GERBER, Judge. GERBER
MEMORANDUM OPINION Respondent determined a deficiency of $ 15,887 in petitioner's 1985 Federal income tax, an addition to tax under section 6651(a)(1) [1] of $ 1,010.50, and a section 6653(a)(1) addition to tax in the amount of $ 794.35 plus additional interest under section 6653(a)(2). At the time of filing the petition herein, petitioner resided in Seattle, Washington. Petitioner admittedly failed to file his 1985 Federal income tax return. Petitioner also admittedly earned wages from his employment. Although petitioner did not file a tax return, the withholding from his wages was sufficient to cover petitioner's income tax liability for his 1985 taxable year. However, the withholding credits were not sufficient to cover the additions to tax determined by respondent in connection with petitioner's failure to file. The only issues remaining in dispute are whether petitioner is liable for an addition to tax under section 6653(a) and whether he is liable for a penalty under section 6673. *539 Petitioner bears the burden of showing respondent's determination to be in error. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). Section 6653(a)(1) and (2) provides for additions to the tax if any part of the underpayment is due to negligence or disregard of the rules and regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determination of negligence is presumed to be correct and the taxpayer has the burden of proving that the determination is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Rule 142(a). Initially, petitioner does not argue that his withholding credits should prevent or avoid an underpayment; instead, he argues that his political beliefs constitute the reason for his failing to file and that he is not negligent or in disregard of the rules and regulations because the imposition of the additions to tax are in violation of his First and Fourth Amendment rights. In other words, he contends that he would not have had an underpayment if he had properly filed a tax return, and *540 he asserts that the restriction upon his free speech stems from the imposition of the addition to tax. Petitioner is an anarchist who believes that Government is unnecessary and that each individual should be absolutely free from any Governmental control or interference. Petitioner admits that he seeks refuge behind the Constitution of our nation, but he does so professing the eventual intent of ignoring the laws of our nation, even if his acts are criminal and could result in prosecution and or incarceration. Respondent contends that petitioner's arguments do not articulate a reasonable cause for the late filing of a tax return or petitioner's failure to comply with the rules and regulations. We agree with respondent. Section 6012 requires an individual who has for a taxable year gross income of $ 1,000 or more to file a Federal income tax return. Petitioner admittedly failed to file a return for his 1985 taxable year. Further, section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is "due to negligence or intentional disregard of rules or regulations." A timely filed return by petitioner would have probably resulted *541 in an overpayment of tax due to withholding credits. However, petitioner's failure to file a tax return resulted in an underpayment. An underpayment is a deficiency as defined in section 6211. Sec. 6653(c). For purposes of this case, section 6211(a) defines a deficiency as the amount by which the tax liability exceeds the tax shown on petitioner's return. In Emmons v. Commissioner, 92 T.C. 342, 348-349 (1989), affd. 898 F.2d 50 (5th Cir. 1990), we held that a "A delinquent return inherently renders the entire tax an 'underpayment'." Since petitioner filed no return, the deficiency equals his tax liability. Further, section 6211(b)(1) provides that petitioner's tax shall be determined without regard to any withholding credits under section 31. See Sutherland v. Commissioner, T.C. Memo 1987-301, where it was held that amounts withheld under section 31 do not reduce the amount of tax imposed for purposes of section 6211. Again, the underpayment is the result of petitioner's failure to file a timely return. Petitioner, nevertheless, attempts to assert that the withholding of income tax by his employer satisfies his obligation to pay tax, and that in essence, there is *542 no underpayment. A withholding credit, however, is not in payment of petitioner's tax liability until he consents to assessment, or a liability is otherwise determined. The filing of a proper return is treated as a consent to assessment of the tax and would obviate the need for the deficiency procedures under sections 6211 through 6215. [2] In failing to file a return, petitioner clearly failed to report or admit to his tax liability. Thus, his withholding credits had not and could not be applied by respondent to reduce or satisfy that tax liability, or his deficiency or underpayment. Petitioner's negligence and disregard of the rules and regulations are demonstrated *543 by his failure to file a return and his beliefs as expressed at trial. He freely admits and does not dispute that he is required to file a tax return and pay taxes; yet he consciously failed to do so. Although petitioner is an anarchist who sees no use for "Government," he seeks to use the laws to thwart respondent's efforts to collect taxes in an orderly fashion. Petitioner contends that he is making a political statement by not filing a return and that the additions would result in penalizing him for exercising his First Amendment right to free speech and would constitute an improper search and seizure, a Fourth Amendment concern. However, the precedent is clear that failure to report or pay one's tax liability for political purposes does not mitigate the addition to tax for negligence or intentional disregard for the rules and regulations. See United States v. Malinowski, 472 F.2d 850 (3d Cir. 1973). Petitioner would like us to subscribe to the idea that First Amendment free speech includes the notion that an individual can be "absolved of the responsibility for obeying a given law * * * if he can prove a sincere, abiding, and good faith objection to the direct or indirect *544 object of that law. Such a position represents a feeble effort to emasculate basic principles of civil disobedience, and, simply stated, is invalid." United States v. Malinowski, supra at 857. Assuming arguendo, that petitioner's protest was an expression of speech as symbolized by his protest (failure to file a tax return), his expression was not effectively inhibited or obstructed by the tax laws. Petitioner wants the best of both worlds, to civilly disobey and also to be absolved of the additions to tax. In this situation, the addition is under section 6653(a)(1). Here, as in Malinowski, it makes no difference that petitioner wanted to rely on the privilege or moral honor of civil disobedience without paying the price such disobedience necessarily incurs. United States v. Malinowski, supra at 857. In addition to his free speech argument, petitioner asserts a violation of his Fourth Amendment right to be free from unwarranted searches and seizures. We do not find any violation of petitioner's Fourth Amendment rights here. Petitioner has failed to meet his burden of showing respondent's determination to be in error. Moreover, petitioner's admitted failure *545 to file his income tax return and his expressed beliefs show negligence, lack of due care to do what a reasonable and ordinarily prudent person would do under similar circumstances, and disregard of the rules and regulations. Accordingly, we hold that petitioner has failed to carry his burden of proving that he was not negligent and he is liable for the addition to tax under section 6653(a). Respondent has also moved for a penalty under section 6673. Under that section, we may require petitioner to pay a penalty, up to $ 25,000 in favor of the United States, upon a finding that petitioner instituted or maintained the proceeding primarily for delay, or that petitioner's position is frivolous or groundless, or that petitioner failed to pursue available administrative remedies. In the exercise of our discretion, we decline to impose a penalty in this case. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the taxable year in issue. Rule references are to this Court's Rules of Practice and Procedure.↩
2. See discussion in M. Saltzman, IRS Practice and Procedure, par. 10.02, p. 10-8 (2d ed. 1991). Early on, a deficiency was considered properly determined where a taxpayer did not admit to his tax liability -- even where the correct amounts were shown on his return. Continental Accounting & Audit Co. v. Commissioner, 2 B.T.A. 761, 763↩ (1925).