T.C. Memo. 1999-305


UNITED STATES TAX COURT


EVELYN N. WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9165-98.          Filed September 16, 1999.


Evelyn N. Williams, pro se.

<u>Catherine M. Thayer</u> and <u>Claire R. McKenzie</u>, for respondent.


MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Stanley J. Goldberg, pursuant to Rules 180, 181, and 183.[1]

_____

[1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

GOLDBERG, Special Trial Judge:  Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1993 | $14,872 | $2,138.25 | $328.95 |
| 1994 | 16,526 | 2,131.50 | 396.28 |
| 1995 | 12,731 | 3,099.25 | 670.20 |

After concessions by the parties, the issues for decision are:  (1) Whether petitioner is entitled to refunds of any overpayments made for the 1993, 1994, and 1995 tax years; (2) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 1995; and (3) whether petitioner is liable for an addition to tax pursuant to section 6654(a) for 1995.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in Elkhart, Indiana.  During the years in issue, petitioner was married to James Williams (Mr. Williams).

In February 1997, petitioner was informed by the Internal Revenue Service (IRS) that it had no record of petitioner's filing her 1993, 1994, and 1995 Federal income tax returns.

In the resulting exchange of letters between petitioner and an IRS examiner in South Bend, Indiana, the IRS requested that petitioner either (1) provide copies of her filed returns for the years in issue, or (2) file the requested returns if petitioner had failed to file them in the past.

Petitioner responded by writing to the IRS contending that she had filed returns for the years in issue. Petitioner promised the IRS that she would provide copies of the requested returns. Later, in a letter dated April 3, 1997, petitioner informed the IRS examiner in South Bend, Indiana, that she had sent copies of her "forms and schedules, including 1992, 1993 and 1994 F[orm] 1040X's based on a net operating loss carryback from the tax year 1995" to the Cincinnati IRS Service Center. Petitioner purportedly sent the documents to the Cincinnati Service Center because she "received a similar demand letter from the Cincinnati Service Center for some of the same information sought by * * * [the IRS examiner in South Bend, Indiana]".

Despite repeated requests, petitioner did not provide copies of her tax returns for the years in issue to the IRS office in South Bend, Indiana. Ultimately, petitioner asked the IRS to issue a notice of deficiency, and, in a subsequent notice of deficiency dated February 19, 1998, respondent determined the deficiencies listed above.

On October 2, 1998, during a meeting with respondent's counsel, Mr. Williams submitted copies of joint U.S. individual income tax returns (Forms 1040) for the 1993, 1994, and 1995 tax years, which reflected overpayments in the amounts of $1,214, $4,440, and $2,978 for the 1993, 1994, and 1995 tax years, respectively.  On each return, the claimed overpayment was to be applied to the next taxable year's estimated tax.

1. Parties' Contentions

Petitioner contends that she is entitled to a credit or refund for overpayment of taxes for the 1993, 1994, and 1995 tax years in the amounts of $1,214, $4,440, and $2,978, respectively.

Her entitlement is based on the premise that she and Mr. Williams made timely claims for refunds for overpayments on their joint Federal income tax returns for 1993, 1994, and 1995, which they allegedly filed on April 15, 1994, May 15, 1995, and sometime in mid-August of 1996, respectively.  Petitioner maintains that Mr. Williams sent their 1993 tax return by certified mail and their 1994 tax return by express mail to the Commissioner.  In support of her contention that the 1993 and 1994 returns were mailed on the above dates, petitioner submitted a certified mail receipt dated April 15, 1994, and an express mail receipt dated May 15, 1995.

Respondent, on the other hand, argues that petitioner failed to file income tax returns for the years in issue, and also

failed to file refund claims for the 1993, 1994, and 1995 tax years prior to October 2, 1998, which date is subsequent to the date the notice of deficiency was mailed. Respondent contends that petitioner's claims for a refund are therefore time barred, pursuant to sections 6511(b)(2)(B) and 6512(b)(3)(B). Further, if petitioner's claims for refund of overpayments made for the 1993 and 1994 tax years are time barred, respondent contends that there is a deficiency for 1995 because there will be no overpayment from previous tax years to apply to 1995.

As previously stated, respondent, after searching IRS records, did not find any record that petitioner filed her 1993, 1994, and 1995 tax returns prior to the mailing of the notice of deficiency covering those years.[2] Therefore, respondent contends that the date of filing of petitioner's 1993, 1994, and 1995 tax returns should be October 2, 1998, the date Mr. Williams provided respondent with copies of petitioner's returns for the years in issue.

We now consider, in turn, whether in each of the years in issue a timely claim for refund of any overpayment was made.

---

[2] Respondent did find a request by petitioner for an automatic extension of time to file petitioner's 1993 return. The request for the automatic 4-month extension of time permitted petitioner to file her 1993 income tax return on or before Aug. 15, 1994.

2. Discussion of Facts and Applicable Law

    A. 1993 Taxable Year

At trial, petitioner presented a certified mail receipt dated April 15, 1994, in support of her position that the 1993 income tax return was timely filed. The receipt showed total postage and fees paid in the amount of $2.29. The postage and fees were listed as follows: $.29 postage, $1.00 certified fee, and $1.00 return receipt fee. Petitioner contends that the certified mail receipt establishes the timely mailing of her 1993 Federal tax return. Petitioner relies on section 7502(c), which provides in relevant part:

> (c) Registered and Certified Mailing.--
>
>     (1) Registered mail.--For purposes of this section, if any such return, claim, statement, or other document, or payment, is sent by United States registered mail--
>
>         (A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed, and
>
>         (B) the date of registration shall be deemed the postmark date.
>
>     (2) Certified mail.--The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail.

Respondent contends that petitioner's April 15, 1994, certified mailing did not contain petitioner's 1993 tax return. Rather, respondent contends that petitioner mailed only the

Application for Automatic Extension of Time to File U.S. Individual Income Tax Return (Form 4868), on April 15, 1994. As evidence, respondent submitted petitioner's 1993 Form 4868 which the IRS found in its records while searching for petitioner's returns for the years in issue.

Petitioner stated that Mr. Williams mailed the completed Form 4868 in the same envelope as the 1993 return by mistake, and that the IRS lost the 1993 income tax return while retaining the 1993 Form 4868.

We do not find petitioner's contentions plausible. Petitioner's 1993 income tax return, as given to respondent on October 2, 1998, totals 12 pages[3] and would have required basic postage in excess of $.29, even at 1994 postal rates.

Though Mr. Williams testified that Form 4868 was only completed as a contingency, we do not find his testimony credible. Petitioner and Mr. Williams signed Form 4868 on April 11, 1994, and April 13, 1994, respectively. Petitioner's 1993 return was supposedly completed on April 15, 1994, yet petitioner's Form 4868, purportedly completed in roughly the same timeframe as petitioner's 1993 return, contains conflicting figures.[4] Further, if their joint income tax return was mailed

---

[3]     The mailing in question would have consisted of 13 pages if Form 4868 had been included as petitioner contends.

[4]     Petitioner's 1993 return listed total tax payments in
                                        (continued...)

as claimed, we are perplexed as to why it was necessary for petitioner and Mr. Williams to mail a Form 4868 simultaneously with their return. On the record, we find Mr. Williams' testimony wanting.

Moreover, petitioner has not dealt honestly with the IRS in the past. In a letter dated April 3, 1997, petitioner claimed that she had already sent copies of her 1992, 1993, and 1994 amended tax returns to the Cincinnati IRS Service Center. That statement later turned out to be false. Mr. Williams admitted that petitioner had not sent copies of the amended returns to the Cincinnati Service Center and also admitted that petitioner had never filed amended returns for the years in issue.

At trial, petitioner testified that she had no actual knowledge of the mailing of the 1993 tax return. Petitioner testified that Mr. Williams handled the preparation and mailing of tax returns. Because of this, petitioner was unable to establish that the certified mail receipt was for postage for an envelope containing her 1993 tax return. Mr. Williams' testimony as to the amount of postage and to the contents of the envelope is not believable under these facts.

Finally, petitioner had a history of failing to file returns with the IRS. A search of IRS records showed that the IRS filed

---

[4](...continued)
the amount of $6,378, but petitioner's 1993 Form 4868 listed total tax payments in the amount of $8,100.

substitute returns for petitioner for tax years 1988 though 1995. Petitioner did not challenge the veracity of IRS records for tax years other than those in issue. We do not believe that the IRS lost petitioner's Federal income tax returns year after year.

On the basis of the record, we find that the certified mail sent to the IRS by petitioner on April 15, 1994, did not contain petitioner's 1993 tax return but contained only Form 4868, an application for an extension of time to file her 1993 income tax return. Petitioner may not rely on the presumption in section 7502(c). Accordingly, we find that petitioner's 1993 Federal income tax return was not filed before October 2, 1998, and therefore the claim for refund for overpayment of taxes for 1993 was made on October 2, 1998.

B. 1994 Taxable Year

At trial, petitioner presented an express mail receipt dated May 15, 1995.[5] The receipt showed total postage and fees paid in the amount of $11.85. The postage and fees were listed as follows: $10.75 postage and $1.10 return receipt fee.

Petitioner contends that the express mail receipt dated May 15, 1995, establishes that petitioner mailed her 1994 return to the IRS on that date.

Again, we weigh the credibility of petitioner's testimony, and we consider petitioner's lack of actual knowledge of the

---

[5]     Petitioner also submitted a postmarked copy of the address label with the same date.

mailing in question, and the uncontested filing history of petitioner. We also consider the fact that respondent established that the IRS carried out a diligent search of its records.

Based on the record, we find that petitioner has failed to establish that the 1994 return was mailed to the IRS Service Center in Cincinnati, Ohio, on May 15, 1995. Accordingly, petitioner's 1994 Federal income tax return was not filed before October 2, 1998, and therefore the claim for refund for overpayment of tax for 1994 was made on October 2, 1998.

We now turn to a discussion of the law as it pertains to the timely claim for refunds for overpayment of Federal income taxes.

Section 6512(b)(3) prescribes limitations on the amounts of credits or refunds as follows:

> (3) Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid--
>
>> (A) after the mailing of the notice of deficiency
>>
>> (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or
>>
>> (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency--

(i) which had not been disallowed before that date,
(ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or
(iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.

These provisions prevent the allowance of any credit or refund paid during a period beyond the periods prescribed by section 6512(b)(3). See Sutherland v. Commissioner, T.C. Memo. 1987-301.

Section 6511(a) provides generally that a claim for credit or refund of an overpayment of any tax as to which the taxpayer is required to file a return shall be filed within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever period expires later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Section 6511(b) provides:

(b) Limitation on Allowance of Credits and Refunds.--

(1) Filing of claim within prescribed period.--No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

(2) Limit on amount of credit or refund.--

(A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any

extension of time for filing the return.  If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

(B) Limit where claim not filed within 3-year period.--If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

(C) Limit if no claim filed.--If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

In Commissioner v. Lundy, 516 U.S. 235 (1996), the Supreme Court held that this Court lacks jurisdiction to award a refund of taxes paid more than 2 years prior to the date on which the Commissioner mailed the taxpayers a notice of deficiency, if, on the date that the notice was mailed, a return had not yet been filed.  Under such circumstances, the applicable look-back period under sections 6511(b)(2)(B) and 6512(b)(3)(B) is 2 years.

The Court held that section 6512(b)(3)(B) precludes the Tax Court from awarding a refund unless it first determines that the taxes were paid within the look-back period, which would be applicable under section 6511(b)(2) if on the date of the mailing of the notice of deficiency a claim for refund had been filed.

Section 6511(b)(2)(A) applies a 3-year look-back period if a refund claim is filed, as required by section 6511(a), "within 3

years from the time the return was filed", while section 6511(b)(2)(B) specifies a 2-year look-back period if the refund claim is not filed within the 3-year period. The 2-year look-back period applied in Commissioner v. Lundy, supra, because as of the date the notice of deficiency was mailed in that case, the taxpayers had not filed a return, and, therefore, a claim filed on that date would not have been filed within the 3-year period described in section 6511(a). The taxpayers' taxes were withheld from wages so they were deemed paid on the date their 1987 tax return was due (April 15, 1988), which was more than 2 years prior to the date the notice of deficiency was mailed on September 26, 1990. Therefore, the claim for refund was denied.

In the instant case, petitioner was required to file Federal income tax returns for 1993, 1994, 1995, on or before August 15, 1994, April 15, 1995, and April 15, 1996, respectively. Taxes in the respective amounts of $6,378, $8,043, and $378 were withheld from petitioner's wages for the 1993, 1994, and 1995 tax years. These taxes are deemed to have been paid by petitioner on April 15, 1994, April 15, 1995, and April 15, 1996 for the 1993, 1994, and 1995 tax years, respectively. See sec. 6513(a). Petitioner requested a notice of deficiency, and one was duly mailed on February 19, 1998.

We have found, earlier in this opinion, that Mr. Williams submitted joint income tax returns for 1993, 1994, and 1995 to

respondent on October 2, 1998. The returns for the years in issue stated that petitioner overpaid her 1993, 1994, and 1995 income taxes by $1,214, $4,440, and $2,978, respectively, and that the overpayments were to be applied as estimated tax payments to the succeeding tax year.

It is respondent's position that the returns for 1993 and 1994 constitute petitioner's sole claims for refund for those years within the meaning of section 6511. Respondent contends that no other claim for refund, formal or informal, was ever filed by petitioner for the tax years 1993 and 1994. We agree with respondent, based on our previous findings.

Because the notice of deficiency was mailed prior to the date petitioner filed her claims for credits or refunds, section 6512(b)(3)(B) requires that we consider the claim filed as of February 19, 1998, the date the notice of deficiency was mailed. In that we have concluded that petitioner did not file a 1993 or 1994 return before the mailing of the notice of deficiency, we must apply the 2-year look-back rule of section 6511(b)(2)(B). Because petitioner's 1993 and 1994 taxes are deemed paid on April 15, 1994, and April 15, 1995, respectively, we conclude that petitioner's claim for credit of any overpayment of her 1993 and 1994 tax is time barred. As a result, her overpayments of 1993 and 1994 taxes cannot be applied to her 1995 taxes. Therefore, though petitioner's claim for a credit or refund for the 1995 tax

year is not time barred by the 2-year look-back period, there is no overpayment for that year to be credited or refunded. Petitioner is instead liable for a deficiency for 1995.

3. <u>Addition to Tax for Failure To Timely File</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a timely tax return. The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not for more than 1 month. See sec. 6651(a)(1). An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent of the tax. See <u>id.</u> The addition to tax is imposed on the net amount due. See sec. 6651(b).

The addition is applicable unless a taxpayer establishes that the failure to file was due to reasonable cause and not willful neglect. See sec. 6651(a). If a taxpayer exercised ordinary business care and prudence and was nonetheless unable to file the return within the date prescribed by law, then reasonable cause exists. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "Willful neglect" means a "conscious, intentional failure or reckless indifference." <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).

Petitioner contends that her 1995 return was mailed to the Cincinnati IRS Service Center by certified mail sometime in mid-August of 1996. The copy of petitioner's return submitted to

this Court bears petitioner's signature dated August 14, 1996, and Mr. Williams' signature dated August 12, 1996. Therefore, by petitioner's own admission, the earliest petitioner could have mailed her 1995 return would have been mid-August 1996, at least 4 months late. Additionally, petitioner did not have personal knowledge of the mailing of her 1995 return and could not produce a certified mailing receipt for her 1995 return.

On the basis of the record, we find that petitioner has not established that her failure to timely file her Federal income tax return for the 1995 tax year was due to reasonable cause and find that petitioner's 1995 return was filed more than 4 months late. Therefore, we hold that petitioner is liable for the maximum 25 percent of the addition to tax under section 6651(a)(1) for 1995. Respondent is sustained on this issue.

4. Additions to Tax for Failure To Pay Estimated Income Taxes

Section 6654(a) imposes an addition to tax where prepayments of tax, either through withholding or estimated quarterly tax payments during the year, do not equal the percentage of total liability required under the statute. However, the addition to tax is not imposed if the taxpayer can show that one of several statutory exceptions applies. See sec. 6654(e). Petitioner has not contended that she qualifies for any of the exceptions.

Accordingly, we hold that petitioner is liable for the addition to tax pursuant to section 6654(a) for the 1995 tax year.  Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.